Luis Javier LOPEZ; Claudia Patricia
Ortega–Aguirre; David Lopez;
Sabastian Lopez, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–2190.

United States Court of Appeals,
Fourth Circuit.

Submitted: Oct. 1, 2008.

Decided: Nov. 10, 2008.

Christine Lockhart Poarch, The Poarch
Law Firm, PC, Salem, Virginia, for Peti-
tioners. Gregory G. Katsas, Acting As-
sistant Attorney General, Michael P. Lin-
demann, Assistant Director, Jeffrey L.
Menkin, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondent.

Before NIEMEYER, SHEDD, and
DUNCAN, Circuit Judges.

Petition denied by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Luis Javier Lopez ("Lopez"), his wife
Claudia Patricia Ortega–Aguirre, and his
children David and Sabastian Lopez, na-
tives and citizens of Columbia, petition for
review of an order of the Board of Immi-
gration Appeals ("Board"), dismissing the
appeal from the immigration judge's order
denying Lopez's applications for asylum,
withholding from removal and withholding
under the Convention Against Torture
("CAT"). Lopez was the primary appli-
cant and his application was denied be-
cause it was filed more than one year after
Lopez entered the United States and he
did not establish circumstances warranting
an extension of the one year period. It
was also found Lopez was not eligible for
asylum relief and withholding from remov-
al because he contributed to a terrorist
organization. Furthermore, he failed to
show a nexus between a protected ground
and his fear of persecution. We deny the
petition for review.

Insofar as Lopez challenges the finding
that the asylum application was untimely,
we lack jurisdiction to review this determi-
nation pursuant to 8 U.S.C. § 1158(a)(3)
(2006), even in light of the passage of the
REAL ID Act of 2005, Pub.L. No. 109–13,
119 Stat. 231. *See Almuhtaseb v. Gon-
zales,* 453 F.3d 743, 747–48 (6th Cir.2006)
(collecting cases). Lopez's attempt to

make his challenge a question of law is without merit.

Lopez also contends the immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." *Rusu v. INS,* 296 F.3d 316, 324 n. 13 (4th Cir.2002) (citing *INS v. Stevic,* 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)); 8 C.F.R. § 1251(b)(3) (2008). Based on our review of the record, we find Lopez failed to make the requisite showing that there was a nexus between a protected ground and his fear of persecution.* We therefore uphold the denial of his request for withholding of removal.

We also find there was no error with the Board's and the immigration judge's decision to deny relief under the Convention Against Torture.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED.*

---

* Lopez's claim that the immigration judge erred by finding that his payments to a terrorist organization prevented him from being eligible for asylum or withholding of removal is not relevant because Lopez was not otherwise eligible for either form of relief.